# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs August 3, 2010

## RAYMOND ROSS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Henderson County**
**No. 09-080-1     Roy B. Morgan, Jr., Judge**

---

**No. W2010-00875-CCA-R3-PC  - Filed September 29, 2010**

---

The petitioner, Raymond Ross, appeals the denial of his petition for post-conviction relief wherein he challenged his 2008 Henderson County Circuit Court convictions of reckless endangerment, aggravated assault, carjacking, and theft of property valued at more than $1,000 but less than $10,000.  In this appeal, he claims that the trial court erred by imposing consecutive sentences based "on factors considered by the trial court which were not found by a jury."  Because the interests of justice do not excuse the untimely filing of the notice of appeal in this case, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Mike Mosier, Jackson, Tennessee, for the appellant, Raymond Ross.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Jerry Woodall, District Attorney General; and Angela Scott, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Henderson County Circuit Court jury convicted the petitioner of carjacking, aggravated assault, theft of property valued at more than $1,000 but less than $10,000, and misdemeanor reckless endangerment as a lesser included offense of attempted second degree murder for his assault of Troy Lee Bowlin, III, on February 15, 2005.  On direct appeal, this court affirmed the convictions but remanded the case to the trial court "in order for the court to conduct a new sentencing hearing and to resentence the [petitioner] as a Range I, standard offender and for correction of the aggravated assault judgment form to reflect that the

misdemeanor reckless endangerment conviction has been merged into that offense." *State v. Raymond Ross*, No. W2006-01167-CCA-R3-CD, slip op. at 11 (Tenn. Crim. App., Jackson, Nov. 2, 2007). Our supreme court denied the petitioner's application for permission to appeal on June 30, 2008, *see State v. Raymond Ross*, No. W2006-01167-SC-R11-CD (Tenn. June 30, 2008), and the petitioner filed a timely petition for post-conviction relief on June 30, 2009.

The petitioner alleged that his counsel performed deficiently by failing to raise and preserve a claim pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny, by permitting the trial court to sentence the petitioner pursuant to the 2005 amendments to the Sentencing Act without the petitioner's executing a waiver of his ex post facto protections, by failing to adequately prepare and investigate the case, by failing to withdraw despite having a conflict of interest with the petitioner, and by failing to object to the State's offering false testimony at trial. The post-conviction court appointed counsel, who filed an amended petition for post-conviction relief. In the amendment, the petitioner expressly "delet[ed] any reference to ineffective assistance of counsel that may have occurred during the trial of this cause" and claimed that "he was improperly sentenced pursuant to *Blakely* and that he was never allowed to elect whether to be sentenced under the Sentencing law as it existed prior to 2005 or after 2005."[1]

At the September 18, 2009, evidentiary hearing, the petitioner testified that it was his desire to abandon all claims of ineffective assistance of counsel and rely solely on claims regarding his sentence. He stated that he did not know that, given that the offense was committed on February 15, 2005, he was entitled to be sentenced under the pre-2005 sentencing law and insisted that he had never signed a waiver of his ex post facto protections.

Trial counsel testified that he represented the petitioner throughout the trial proceedings and the resentencing upon remand by this court. He confirmed that the petitioner was not advised of his entitlement to sentencing under the pre-2005 Act and that the petitioner was sentenced under the 2005 amendments to the Sentencing Act even though the offenses occurred prior to the effective date of the act.

---

[1]Although the record establishes that the trial court sentenced the petitioner under the 2005 amendments to the Sentencing Act without the petitioner's having waived his ex post facto protections, this infirmity would have, at most, rendered the sentence voidable. *See generally Michael Morris v. James Fortner, Warden*, No. M2008-01022-CCA-R3-HC (Tenn. Crim. App., Nashville, Feb. 26, 2009); *see also generally Michael Morris v. State*, No. M2008-02113-CCA-R3-HC (Tenn. Crim. App., Nashville, May 25, 2010); *Wayford Demonbreun, Jr. v. State*, No. M2004-03037-CCA-R3-HC (Tenn. Crim. App., Nashville, June 30, 2005), *perm. app. denied* (Tenn., Oct. 31, 2005). Because the petitioner has abandoned any claim to relief on this ground on appeal, we will not consider the issue.

At the conclusion of the hearing, the post-conviction court concluded that the petitioner had failed to establish by clear and convincing evidence that the trial court violated the tenets of *Apprendi* or *Blakely v. Washington*, 542 U.S. 296 (2004), and their progeny.

Following the petitioner's failure to file a timely notice of appeal to this court, the post-conviction court entered an order "granting the [p]etitioner a delayed appeal" and giving the petitioner 30 days to file his notice of appeal. Despite the post-conviction court's use of the term "delayed appeal," the record establishes that the court intended to enlarge the time for filing the petitioner's notice of appeal in this court and did not intend to grant the petitioner a delayed direct appeal pursuant to Tennessee Code Annotated section 40-30-113. That section permits a post-conviction court to grant a delayed appeal when the court "finds that the petitioner was denied the right to an appeal from the original conviction in violation of the Constitution of the United States or the Constitution of Tennessee." T.C.A. § 40-30-113(a) (2003). That being said, the post-conviction court does not possess the authority to enlarge the time for filing a timely notice of appeal in this court. *See* Tenn. R. App. P. 4(a) ("In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from; however, in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice. The appropriate appellate court shall be the court that determines whether such a waiver is in the interest of justice."). Nor does the post-conviction court possess the authority to simply reenter its judgment after the judgment has become final. *See State v. Thompson*, 285 S.W.3d 840, 852 (Tenn. 2009) ("'As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed.'" quoting *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996)).

In any event, this court may excuse the untimely filing of the notice of appeal in the interest of justice. However, given that the single issue presented by the petitioner, whether the imposition of consecutive sentences violated the principles of *Blakely*, was waived by the petitioner's failure to raise it on direct appeal and that the claim itself is without merit, the interests of justice do not require waiving the timely filing of the notice of appeal in this case.

First, the petitioner's sentencing hearing in this case took place well after the ruling in *Blakely*, after our legislature amended the Sentencing Act to comply with *Blakely*, after the United States Supreme Court's ruling in *Cunningham v. California*, 549 U.S. 270 (2007), and our own supreme court's ruling in *State v. Gomez*, 239 S.W.3d 733 (Tenn. 2007) (*Gomez II*), ruling that the pre-2005 sentencing scheme violated the Sixth Amendment. Despite being placed on notice by these cases, the petitioner did not challenge the application

of consecutive sentences on *Blakely* grounds. The record does not establish whether the petitioner contested consecutive sentencing on *Blakely* grounds upon remand, but it does establish that the petitioner did not undertake a direct appeal of his new sentence. As a result, the issue qualifies as waived under the terms of the Post-Conviction Procedure Act. *See* T.C.A. § 40-30-106(g) ("A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless . . . [t]he claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or . . . [t]he failure to present the ground was the result of state action in violation of the federal or state constitution.").

Second, both the United States Supreme Court and our supreme court have concluded that the imposition of consecutive sentencing does not implicate the Sixth Amendment or violate the *Apprendi/Blakely* line of cases. In *Oregon v. Ice*, 129 S. Ct. 711 (2009), the United States Supreme Court declined to extend the rulings in *Apprendi* and *Blakely* to the imposition of consecutive sentences, observing that

> legislative reforms regarding the imposition of multiple sentences do not implicate the core concerns that prompted our decision in *Apprendi*. There is no encroachment here by the judge upon facts historically found by the jury, nor any threat to the jury's domain as a bulwark at trial between the State and the accused. Instead, the defendant—who historically may have faced consecutive sentences by default—has been granted by some modern legislatures statutory protections meant to temper the harshness of the historical practice.

*Id.* at 718. Our supreme court has held "that *Apprendi* and *Blakely* should be construed narrowly such that they do not apply to Tennessee's statutory scheme for imposing consecutive sentences." *State v. Allen*, 259 S.W.3d 671, 688 (Tenn. 2008).

Because the petitioner has failed to demonstrate that the interests of justice excuse the untimely filing of the notice of appeal in this case, the appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-